IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAYKEL TRUJILLO ARAYA,

    Petitioner,

    v.                                                 CASE NO. 20-3234-JWL

ROBERT GUADIAN, et al.,

    Respondents.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is detained at the Chase County Jail in Cottonwood Falls, Kansas, under an order of removal to Cuba entered by the immigration court in Eloy, Arizona. The Court entered a Memorandum and Order on December 22, 2020 (Doc. 7), finding that there was a significant likelihood of removal in the reasonably foreseeable future, but directing the parties to file status reports with the Court by January 21, 2021. The parties have now filed status reports. (Docs. 8, 9.)

Petitioner's Status Report (Doc. 8) sets forth arguments as to why removal is now even less likely in the reasonably foreseeable future. Petitioner asserts that: flights to Cuba have recently been reduced due to the resurgence of the COVID-19 pandemic; a January 20, 2021 Memorandum by the Acting Secretary of DHS placed a 100-day moratorium on removals; and the United States once again designated Cuba as a State Sponsor of Terrorism.[1]

---

[1] *See* https://www.state.gov/state-sponsors-of-terrorism/ (last visited Jan. 22, 2021) (listing a designation date of January 12, 2021 for Cuba).

Respondents' Status Report (Doc. 9) states that there was a removal flight to Cuba on December 29, 2020, but all the seats had been filled; and that ERO was notified that IOD was awaiting approval from the Cuban government to schedule additional removal charter flights.

According to Cuba's official publication, as well as other media sources, flights to Cuba from the United States were temporarily reduced effective January 1, 2021, although the specifics as to the number of flights or how the reduction will be implemented remain unclear.[2] Although Respondents point to the December 29, 2020 flight to Cuba, that flight took place prior to the recent reduction in flights, prior to the January 20, 2021 Memorandum, and prior to the January 12, 2021 designation of Cuba as a State Sponsor of Terrorism.

The effect of the implementation of the January 20, 2021 Memorandum is also unclear. The Memorandum provides that:

> No later than February 1, 2021, the Acting Director of ICE shall issue written instructions with additional operational guidance on the further implementation of this removal pause. The guidance shall include a process for individualized review and consideration of the appropriate disposition for individuals who have been ordered removed for 90 days or more, to the extent necessary to implement this pause. The process shall provide for assessments of alternatives to removal including, but not limited to, staying or reopening cases, alternative forms of detention, custodial detention, whether to grant temporary deferred action, or other appropriate action.

U.S. Department of Homeland Security Memorandum, *Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities,* January 20, 2021, p. 4.[3] The Court is also aware that the Memorandum provides that "[t]hese guidelines and priorities are not

---

[2] *See* http://www.granma.cu/cuba-covid-19/2020-12-28/cuba-suma-nuevas-medidas-para-la-llegada-de-viajeros-del-exterior (last visited January 21, 2021); https://www.miamiherald.com/news/nation-world/world/americas/cuba/article248176150.html (last visited January 22, 2021).

[3] https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last visited Jan. 22, 2021).

intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." *Id*.

The Court has reviewed the record and the parties' status reports, and finds that it does not appear that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. However, the Court will grant the parties an opportunity to file additional status reports after the instructions and guidance on implementation of the removal pause have been submitted by the Acting Director of ICE.  Absent any substantial progress toward removal, the Court is inclined to grant the petition.  Petitioner's release would be subject to supervision in accordance with 8 U.S.C. § 1231(a)(3), and any other terms and conditions requested by Respondents that the Court deems appropriate.  Any such requests by Respondents shall be included in the status report.

**IT IS THEREFORE BY THE COURT ORDERED** that the parties shall file status reports by **February 8, 2021.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 25(d), the Clerk is directed to substitute Robert M. Wilkinson as the current Acting Attorney General, and to substitute David Pekoske as the current Acting Secretary of DHS.

**IT IS SO ORDERED**.

**Dated January 25, 2021, in Kansas City, Kansas.**

>               s/ John W. Lungstrum
>               JOHN W. LUNGSTRUM
>               UNITED STATES DISTRICT JUDGE